## ALEXANDER CAMPBELL v. THE STATE.

### No. 830.    Decided April 28th, 1897.

**1. Local Option—Evidence.**

Where the defendant was charged with a violation of local option, and not with selling liquor to minor, it was error to admit evidence that the purchaser was under twenty-one years of age, for the purpose of aggravation of the offense. Such testimony was particularly injurious, there being serious question whether defendant did, in fact, make a sale of the liquor to the alleged purchaser or simply bought it for him as his agent.

**2. Same—Charge.**

On a trial for violation of local option, where it appeared that the purchaser handed defendant money and requested him to get him the beer, and defendant went into a club hall, procured the beer and delivered it to the purchaser. Held: The court should have instructed the jury, in effect, that, if defendant acted as agent of the purchaser, and not on his own account, or on account of the actual seller, they should acquit; and, that they should also acquit, if defendant did not own the beer and did not sell the same on his own behalf or as agent for the seller.

APPEAL from the County Court of Brown. Tried below before **Hon.** CHARLES ROGAN, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of selling intoxicating liquor to Boss Messick, in a local option precinct, and his punishment assessed at a fine of $25 and twenty days' confinement in the county jail; hence this appeal. The alleged purchaser testified in behalf of the State: That he approached the defendant and asked him if he could procure him some beer, and, being informed that he could, gave appellant $1.50, and requested him to get the beer. Appellant went into the Temperance Hall (a place kept by Arnold & Scott) at the front door, the witness going to the back door, at which point defendant delivered to the witness twelve bottles of beer, and asked the witness if he would give him a bottle. The bottle was given appellant, and he drank it. It was shown that the beer bought was the usual size of bottles that sold at 12½ cents apiece. This witness further testified: "I did not buy any beer from the defendant. I got him to get the beer for me. I know that beer is kept in the Temperance Hall. I have seen Mr. Arnold hand it out over the counter."

On re-direct examination by the State, the witness stated that he was 18 years of age when the defendant got the beer for him. "I don't know whether he knew how old I was or not. I have known him about two years. He lives about 200 yards from where I live. I knew that I could not get the beer myself, because I did not belong to the club. I don't know whether the defendant belonged to the club or not. I have never heard that he belonged to the club. * * * I gave him the money, and requested him to get it for me, and he did so. I do not know from whom the defendant got the beer. I did not see him get it. I gave him $1.50, and he got the beer for me, and I paid no money to any one else. The beer defendant bought me was lager beer." The defendant reserved a bill of exceptions to that portion of the evidence of the witness, Messick, which showed him to be under 21 years of age. The court says this was admitted "for the purpose of showing the aggravation of the offense, if any had been committed." This testimony, we think, was inadmissible. Appellant was not charged with selling intoxicating liquors to a minor, but was charged with a violation of the local option law. It could serve no purpose except to prejudice the minds of the jury against appellant. It is true that the jury imposed the lightest penalty upon defendant authorized by the statute, and ordinarily this would not be reversible error, but in this case it was a very serious question whether the defendant sold the beer to the alleged purchaser or not. This being true, this testimony may have induced the jury to render the verdict of guilty. If defendant was the agent of Messick, to purchase the beer, or purchased it for Messick, he would not be guilty of violating the local option law; and the fact that appellant took the boy's money, and procured the beer for him, knowing his age, may have seriously affected the minds of the jury and induced the conviction. In this view of the case, we think the testimony was erroneously admitted. Appellant requested the court to charge the jury as follows: "You are further instructed, if you believe from the evidence that the defendant, in procuring said beer, if any was procured, acted as the agent of Boss Messick in procuring the same, and not on his own account, or on account of the actual seller, you will acquit the defendant." This charge was refused. He also requested the court to charge the jury: "If you believe from the evidence that the defendant did not own the beer himself, and did not sell the same in his own behalf, if any such sale occurred to Boss Messick, or if you believe from the evidence that the defendant was not acting as the agent of the owner or seller of the beer in procuring the same, if any was procured, you will return a verdict of not guilty." This charge was also refused. Under the state of facts detailed above, these charges should have been given. If appellant acted as the agent or friend of the purchaser, and bought the beer for him, he was not the seller, and under such state of case he would not be guilty. If he was interested in the sale of the beer, as a member of the club, or if he was interested in the beer and in the money arising from its sale, he would be

guilty of selling. These phases of the law should have been directly and pertinently submitted to the jury as requested by the appellant. The other questions suggested by the appellant for a reversal we do not consider well taken. But for the errors indicated the judgment is reversed and the cause remanded.

*Reversed and Remanded.*