VANCE KIRBY v. THE STATE.

No. 2710.   Decided May 4, 1904.

**Local Option—Agency—Cold Storage.**

Where the evidence showed that appellant acted as the agent of prosecutor in ordering beer by express, which he kept on ice for him and for which defendant charged cold storage, and which prosecutor called for and received on tickets handed him by defendant, there was no violation of the local option law.

Appeal from the County Court of Fannin.   Tried below before Hon. Tom C. Bradley.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Thurmond & Steger* and *G. W. Wolls,* for appellant.—All the testimony of all the witnesses, both for the State and the defendant, show beyond contradiction or controversy that defendant in this case acted as the agent of John Dannenbauer and at his solicitation in ordering and securing the beer for him. Hood v. State, 35 Texas Crim. Rep., 585; Way v. State, 36 Texas Crim. Rep., 40; Strickland v. State, 47 S. W. Rep., 720; Cook v. State, 8 Texas Ct. Rep., 328; Brown v. State, 8 Texas Ct. Rep., 387; Crawford v. State, 58 S. W. Rep., 1006; Crawford v. State, 1 Gammel's Law Journal, 423.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The only question we deem necessary to pass upon is the sufficiency of the evidence to support the conviction. Prosecutor Dannenbauer went to appellant, Vance Kirby, and filled out an order on Wood Williams, who was running a saloon in Paris, Lamar County, Texas, for twelve bottles of beer. He gave defendant $1.10 to pay for the beer and 40 cents to pay the express charges and for keeping the beer cool in appellant's ice-box. Appellant issued to witness twelve checks, each calling for one bottle of beer; and at stated intervals prosecutor would go and get said beer on said checks. Prosecutor swore that he did not buy any beer of defendant, but that he bought it of Wood Williams, and that Williams sent them the beer by express. Defendant swore he did not sell him any beer, but acted as prosecutor's agent in sending the money. It was also shown that defendant had previously run a saloon in Honey Grove, and was then running a cold storage and restaurant. Appellant and prosecutor lived in Honey Grove, Fannin County, where the sale of intoxicating liquors had been prohibited by election held

for that purpose. Witness Campbell testified that no whisky was sold and that no beer was kept, except that ordered by people who would came and request appellant or witness to send in orders. Then if these parties desired their beer kept on ice they would be charged for it; but if they took the beer away there was no charge whatever. The beer cost $1.10 per dozen bottles at Paris; the expressage from Paris to Honey Grove would be added to that sum. If only a dozen bottles were shipped by express, the charges would be thirty or thirty-five cents; but if more it would be proportionately less. This is in substance the testimony of the witnesses, and is not controverted by any testimony of the State. Under the authorities we do not believe this constitutes a sale in violation of the local option law in effect in Fannin County. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*