## JOHN B. HARRIS v. THE STATE.

### No. 3065.    Decided February 15, 1905.

**1.—Local Option—Place of Sale—Requested Charge.**

In the absence of some rule given by the court as to how the jury were to ascertain whose loss it would have been, if the whisky shipped from Dallas to Kaufman County to the prosecutor had been lost in transit, there was no error in refusing a requested charge to the effect that the true test as to whether the alleged sale of the whisky by defendant to prosecutor was consummated in Dallas or Kaufman County, was, whose loss it would have been had the whisky been lost in transit, and if the jury found that the loss would have been on the prosecutor, then the sale was in Dallas County.

**2.—Same—Charge of Court—Agency.**

Where the evidence did not show that defendant acted as agent of the vendor of the whisky, but indeed disproves it, it was error to submit a charge on agency.

**3.—Same—Charge of Court—Place of Sale.**

While the evidence showed that the sale of the whisky was consummated in Dallas County, and not in Kaufman County, in which latter county the prosecution for a violation of the local option law was pending and where it arose, it was error to charge in effect, to find the defendant guilty regardless of the locus of the sale, whether it occurred in Dallas or Kaufman County.

**4.—Same—Conflicting Charges—New Trial.**

Where the court submitted the requested charges of defendant which contained a correct rule of law applied to the evidence, whereas the court's own charge controverted these rules; it became the court's duty in the event of a conviction to have granted a new trial.

Appeal from the County Court of Kaufman. Tried below before Hon. H. M. Casnahan.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

*Thos. R. Bond* and *Q. S. Barrett,* for appellant.—On question of court's charge: Taylor v. State, 17 Texas Crim. App., 46; Sinclair v. State, 77 S. W. Rep., 621; James v. State, 78 S. W. Rep., 951; Kirby v. State, 80 S. W. Rep., 1007.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and thirty days confinement in the county jail.

There is but one bill of exceptions in the record, and that is to the refusal of the court to give the following requested instruction for appellant to wit: "That as a true test as to whether the alleged sale of the whisky by defendant to the prosecuting witness Garrison, was consummated in Dallas County, Texas, or Kaufman County, Texas, the test is whose loss would it have been had the whisky have been lost in transit from Dallas to Terrell; and if you find that the loss would have been on the prosecuting witness Garrison, and not the loss of the Southern Liquor Co., then in that event you are instructed that the locus of the sale was in Dallas County, Texas." It is sufficient to say as to this requested instruction that, in the absence of some rule given by the court as to how the jury were to ascertain whose loss it would have been, the court was not called on to give such an instruction. The requested charge left a matter of law to be determined by the jury. As to other charges of the court which were given, it appears that the trial judge was very liberal, giving all that were requested by defendant, without regard to whether they were in harmony or not, and without regard to whether or not they antagonized the original charge given by the court. If the court's charge as given was the law of the case, then the requested charges which were given was not the law; and it is sufficient to say that, taking all the charges together, the jury were left in a confused state without chart or compass so far as any rule of law was concerned for their guidance.

The learned judge gave the following charge to the jury, which was duly excepted to: "If the jury believe from the evidence beyond a reasonable doubt, that on or about the time alleged in the indictment herein, the defendant in Kaufman County, Texas, was acting as the agent of the Southern Liquor Company, in making sales of intoxicating liquor in said Kaufman County and in pursuance of such agency, if any such existed, accepted a money order for $1.75 from one H. P. Garrison, and as such agent, in consideration of said money order, contracted

with the said Garrison to have the said Liquor Company ship from Dallas, Texas, to Terrell, Texas, in said Kaufman County, two quarts of intoxicating liquor, to the said Garrison, and the said intoxicating liquor was so shipped, and delivered by the defendant to the said Garrison in said Kaufman County, you will find the defendant guilty." One ground of objection was that there was no testimony raising the question of agency on the part of appellant for the Southern Liquor Company. We have examined the record carefully, and, in our opinion, this contention is correct. For instance, the first witness for the State, H. P. Garrison, testifies substantially that he applied to defendant, at his place of business to get him to order some whisky for him; that witness got a money order, payable to the Southern Liquor Company, at Dallas, Texas, amounting to the sum of $1.75, and gave the order to defendant, and requested him to send it to the Southern Liquor Company, at Dallas; and also to telephone to the Southern Liquor Company to ship him, in care of appellant, two quarts of whisky. The defendant sent the money order for him by telephone, and the next day he went to appellant's place of business and got the whisky; did not pay him anything for telephoning, nor promise him anything; and that appellant had not, so far as he knew, received anything of value for ordering said whisky; nor had he promised him anything of value for this or any other transaction that he had with or through him. Defendant did nothing in the matter but just as he directed him to do. The order was sent as witness directed, and the whisky was shipped as he directed it to be shipped,—the express being prepaid by witness. Witness further testified on this subject that he had gotten appellant to send in orders for him several times; that each time the order was sent in by telephone witness paid the telephone charges, i. e. if others sent he paid his pro rata of the phone charges; that he never bought any whisky from defendant after local option went into effect in Kaufman County; and that defendant did not solicit the order, nor tell him, nor represent himself to be the agent of the Southern Liquor Company or anybody else. Appellant's business was selling cold drinks (not intoxicating) also tobacco, and cigars. A number of other witnesses testified for the State to similar transactions with appellant to that detailed by witness Garrison. The superintendent of the telephone system at Terrell, testified to a number of telephone calls by appellant to the Southern Liquor Company during the months of January, February and March, 1903. It was shown by the express agent that appellant received in his care by express a number of shipments, consisting of packages, boxes and jugs.

E. Harris, witness for defendant, testified substantially, that he was the sole owner and proprietor of the Southern Liquor Company of Dallas; that his business was to sell and ship whisky to the consumer; that he had a number of employees assisting him in the business; that he shipped whisky all over Texas, and into Louisiana and Arkansas; that defendant was not and had never been in his employment; that he was not and had never been his agent in any capacity whatever; that witness

carried on his business in Dallas, Texas, under the trade name of Southern Liquor Company; that he had received quite a number of whisky orders from Kaufman County, and quite a number of orders by parties through defendant Harris. That in such instances he shipped to whoever ordered, unless it was requested to be sent in care of some one else, made shipment direct to the party buying, and sometimes shipped or consigned to the buyer in care of John B. Harris, owing to instructions in each particular case. In each instance appellant would call witness over phone and tell witness that certain parties wanted whisky and desired it shipped by express; and that each party had left a money order payable to the Southern Liquor Company with defendant, requesting that the money order be sent into Dallas and paid for the whisky. After receiving such order over the phone, witness would then have the quantity of whisky desired jugged or bottled and tagged to the buyer, and then put into the express office, in a box together, and the name of each buyer addressed on the outside of the box and the place of destination. He placed the names of the buyers on the box for awhile, but afterwards, on the request of the express company, he put the name of only one or two purchasers on the outside of the box. Each bottle or jug was tagged with the name of the respective purchasers. He would place the whisky in the express office prepaying the freight. Sometimes the money orders came to him before the goods were shipped out and sometimes they came in afterwards; that appellant never directly or indirectly received anything of value from him on any order that had been sent from him; that he had not paid nor promised to pay him anything of value; that he never authorized appellant to accept or send him any orders for whisky for any persons; that he had never furnished him with any stationary, price lists, etc.—any more than he had any other person.

Appellant testified himself that he was not and never had been the agent of the Southern Liquor Company; that he never sold Freeman, Garrison, Sufford, or anybody else any intoxicating liquor in Kaufman County, since local option had been in effect in Kaufman County. He testified about the same as State's witnesses as to how he ordered whisky for other persons, and about as prosecutor Garrison did as to what he did with reference to ordering the whisky for him; that the Southern Liquor Company, on the orders of parties applying to him, shipped the whisky direct to the purchasers, unless they were instructed to ship it to the purchasers in his care. In either instance the whisky was delivered to the express company at Dallas, express prepaid, and consigned as above explained; that the phone fees were paid by the parties sending for whisky; that he was engaged in selling cold drinks in Terrell of a non-intoxicating character, cigars and tobacco; that he had a telephone in his place of business for his own convenience, and it was no trouble to accommodate persons by sending in orders when the parties requested it. That what he did with reference to making orders for other persons was purely for the accommodation of the parties wanting

the whisky. It was also shown that appellant rented boxes at his place of business for the keeping of liquor, and that he had a U. S. Internal Revenue license. This is a substantial statement of the facts of the case. From this, it does not occur to us there is any testimony showing directly or indirectly that appellant acted as the agent for the Southern Liquor Company, in sending orders for the whisky for the prosecutor Garrison. Garrison's testimony does not show any such agency, nor does that of any other witness. Nor are there any circumstances from this record which, in our opinion, raise the issue of agency on the part of appellant for the Southern Liquor Company; indeed, the testimony disproves any agency. In our opinion, the court was not authorized to instruct the jury on said issue.

Said charge is also complained of on the ground that the jury were instructed to find defendant guilty regardless of the locus of the sale; that is, whether or not it had occurred in Dallas or Kaufman County. We think the charge is subject to this vice. True, the court tells the jury that, if in consideration of the $1.75, appellant contracted with Garrison to have said Liquor Company ship from Dallas to Terrell and said intoxicating liquor was so shipped and delivered by the defendant to Garrison in Kaufman County, to find him guilty. The mere manual delivery would not fix the locus of the sale. If the circumstances showed that the sale was consummated in Dallas County, as they do here, then a delivery to the express company at Dallas, was an actual delivery to prosecuting witness, or appellant for him, in Dallas County, regardless of the fact that appellant may have received the whisky in his charge in Kaufman County and then turned it over to prosecutor there.

We have already stated that the court gave several requested instructions, some of which contravene the court's charge. If the three special instructions given by the court applying the law to the facts, as testified by the State's witnesses as well as by appellant's witnesses, was the law of this case, as unquestionably it was, it was the duty of the court, after the jury brought in the verdict of guilty, to have given appellant a new trial. Kirby v. State, 80 S. W. Rep., 1007.

It is not necessary to discuss the questions raised in this case further, as in our opinion the facts are insufficient to authorize the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*