## Joe Driver v. The State.

### No. 3078.   Decided March 8, 1905.

**1.—Local Option—Requested Charge—Conflicting Theories.**

Where the theory of the State was that defendant sold the liquor to the alleged purchaser, and that of the defendant was that he was the agent of the purchaser and sent for the whisky with the latter's money, it was error not to submit to the jury both theories, the defendant having requested a special charge covering his said theory of the case.

**2.—Same—Other Sales—Evidence.**

It was reversible error in a trial for a violation of the local option law to permit the State to introduce evidence of other sales by appellant, where they were in no way connected with the case on trial and did not throw light upon it.

Appeal from the County Court of Hunt. Tried below before Hon. F. N. Newton.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and twenty days confinement in the county jail.

From the briefs of counsel the following statement is taken, which is substantially correct:—The indictment charges that the sale was made to one Hudson. The State's theory was that appellant ordered the whisky from Paris from one L. C. Clark, who was engaged in the liquor business in that city, on his own account, and afterwards sold the same to Hudson. Appellant's theory was that he was acting as the agent of Hudson in ordering and procuring the whisky from Clark. There is evidence tending to support both theories, unless it be that the fact that appellant did not send Hudson's money for the whisky he ordered, and that he ordered four quarts to be sent to himself, would show that he was not acting as the agent of Hudson. These facts are undisputed, and upon them the court gave the following charge: "And you are instructed further that if you believe from the evidence beyond a reasonable doubt, that the defendant Joe Driver, did in said county

and State, receive from the express company a package of whisky, and that said package of whisky had been consigned to the defendant at the town of Commerce in said county; and if you further believe that the defendant received from said Hudson any money to pay for said whisky, or any part of it, with the understanding that said Hudson was to have said whisky, or any part of it, then and in that event such a transaction would constitute a sale by the defendant to said Hudson, and you should find the defendant guilty, and assess his punishment as heretofore defined in this charge."

The defendant's special charge was as follows: "If you believe from the evidence that Joe Driver the defendant was paid by W. M. Hudson the sum of $1.70 to procure for him two bottles of whisky anywhere the said defendant might be able to procure it, and the said defendant acting for the said Hudson ordered four quarts of whisky from L. C. Clark of Paris, Texas, to be sent to defendant at Commerce, Texas, and that two of the said quarts were for the said Hudson and defendant so intended when he made the order from the said Clark, and that the said whisky was sent to Commerce to the defendant, and defendant delivered one of the two quarts of whisky to the said Hudson, and gave said Hudson back his money for the other quart, keeping some and disposing of or selling same to any other person, and the said quart so delivered to said Hudson by defendant is the liquor for which defendant is accused by the information of selling to said Hudson, then you will find the defendant not guilty."

*A. A. Ablovich,* for appellant.—On question of admitting in evidence other sales: Wilson v. State, 37 Texas Crim. Rep., 373.

*Howard Martin,* Assistant Attorney-General, for the State.—On indictment Racer v. State, 7 Texas Ct. Rep., 553.

DAVIDSON, PRESIDING JUDGE.—Conviction of violating the local option law, fine imposed being $30 and twenty days confinement in the county jail. There were two theories upon which this case was tried: one that appellant sold the liquor to the alleged purchaser; and second, that he was the agent of the purchaser and sent for the whisky with the purchaser's money. The court submitted the State's theory and refused a charge submitting appellant's. This was error.

There is another error in the record which would require a reversal to wit: the State was permitted to introduce through the witness Brown several sales made to Brown by appellant on different occasions. These sales are in no way connected with this case, and do not throw any light upon it. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.