## HENRY GIVENS v. THE STATE.

No. 3341. Decided January 31, 1906.

### 1.—Local Option—Subsequent Election.

Upon a trial for a violation of the local option law where the State relied upon a former election and established that fact, there was no error in ignoring a subsequent election at which local option was carried, but which had not gone into effect.

**2.—Same—Presumption of Innocence—Reasonable Doubt—Insufficiency of Evidence—Agency.**

Where upon trial for a violation of the local option law the evidence showed that the prosecuting witness was in the employment of the sheriff to catch parties who sold whisky, and that the witness handed defendant 50 cents with which to get him some whisky, and shortly thereafter the defendant handed him a half pint of whisky with the change, saying that he did not like to state where he got the liquor, and the facts make it appear that the defendant acted as the agent of the prosecutor, the presumption of innocence or reasonable doubt was not overcome, and the conviction could not be sustained.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was tried for violating the local option law which went into effect under the election held in 1903. There was a subsequent election held on July 29, 1905. It seems from this record that this law had not been published at the time of the alleged violation on August 28th. The State relied upon the election held in 1903, and introduced evidence of the fact that the law was put into operation in that year. Appellant suggested, as ground of his objection to the introduction of the first election, the fact that the second election was held in the summer of 1905. We do not believe there is any merit in this contention. It is not made to appear even that the law had been put into operation under the election in 1905.

The State relied upon the evidence of one Wade who stated that he was in the employ of the sheriff of Grayson County on a salary. He states, "My duty under my employment was to see how many persons I could catch or spot for selling whisky. The sheriff was to furnish me money to pay for the whisky, and pay all my expenses. On August 28, 1905, about noon, I went to defendant's shoe-shining shop on the north side of the public square in the city of Sherman, and got my shoes shined, paid for it, and after they were shined, I asked defendant if he could get a half pint of whisky. Defendant told me he did not know but he would try and I gave him 50 cents. Defendant told me to come back to the shop after dinner and if he could get the whisky he would have it there for me. I went back to the shoe-shining shop of defendant, in a short while, a half hour, and he gave me the half pint of whisky that I had sent him after in a half-pint bottle, and gave me my change. I asked defendant where he got it, whom he got it from, and he stated he did not like to tell. I then asked him what he paid for it, and he told me he paid 40 cents for it. I took a drink

out of the bottle, took the balance over to the courthouse and gave it to W. S. Russell, the sheriff. I did not pay defendant anything for getting the whisky for me from S. T. Scott. This all occurred in Grayson County." This is the case on the facts. The point is made there is not sufficient evidence of a sale by appellant to witness Wade, but that the State's case shows he was acting as the agent of Wade and purchased the whisky for him. We believe this contention is correct. The facts make it appear that appellant was the agent of Wade; that Wade sent him to purchase the whisky in order to work up a case against somebody. It is further stated by this witness that he did not pay appellant for getting the whisky from S. T. Scott. In order to prove a violation of the law under any statute in our State, the presumption of innocence must be overcome, and this to the exclusion of a reasonable doubt. The facts stated show that appellant was employed by Wade or requested by Wade to buy for him a half pint of whisky. This left the case in the attitude of appellant being the agent of Wade, and as his friend or agent acted in the purchase. In order to get away from this and prove a violation of the law there must be some facts stated which would show appellant was the seller to and not the agent of Wade in the purchase. The presumption upon which this conviction was predicated is against the facts stated. There must be evidence introduced to overcome the presumption of innocence and reasonable doubt and the fact of a proved agency. There is no evidence to so show. The conviction is predicated upon a presumption without a supporting fact that appellant was the seller to Wade. There must be evidence to sustain a conviction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*