### BILL SHORT v. THE STATE.

#### No. 3480. Decided January 31, 1906.

**Local Option—Insufficiency of Evidence—Agency.**

Where upon trial for a violation of the local option law the evidence showed that the defendant was acting as the agent of prosecutor in the purchase of whisky, and did not sell the whisky to prosecutor but purchased it from other parties for him, the conviction could not be sustained.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law.

Freeman testified that on the 7th of January he went to appellant and some others who were talking, and appellant asked him if he wanted some whisky. He gave an affirmative reply. Appellant informed Freeman that he knew there was some whisky in the depot belonging to some parties, and wanted a lot of them to "chip in" and take it out. Freeman informed appellant that he would take a quart of it, and gave him 85 cents. Appellant got the whisky and carried it to a livery stable, where Freeman got the whisky. He did not know from whom appellant got the whisky, and all that he knew about it was the fact that defendant asked him if he wanted a quart of whisky; and upon his request secured the whisky, and he gave appellant the money with which to get it; and that appellant gave the whisky to him. It is shown that appellant had no whisky at the depot at this time; that the last package he had at the depot was on the 2nd or 3rd of January. The transaction here set out occurred on the 7th of January. The express agent testified that Walker had a package of whisky in the depot, upon which the C.O.D. charges were $10.50. This was on the 7th of January. That on that day some one, whom he did not know, came and asked for the whisky consigned to said Walker and paid the C.O.D. charges, signing the name of J. M. Walker, and re-

ceived the package. This agent did not know Walker or the party who signed for the package, and he says it may have been Walker, who was a stranger. He states that appellant did not sign for any whisky that day, and did not get any from the express office on that day. Gunn testified that he heard appellant say he wished he knew where he could get some whisky, that he wanted a drink. This occurred in the barber shop belonging to Jack Long. Shortly after this witness left the barber shop, went across the street, to the opposite corner, and was approached by Price, who told him that he had some whisky in the depot that he wanted, and asked witness if he did not want to chip in and help take the whiskey out and get a quart of it or such amount as he might desire. This witness declined, but told Price there was a man (referring to appellant, who was then approaching) who would chip in with him and get the whisky. He then introduced appellant to Price, and left them talking about the whisky. Shortly afterwards he met appellant near the same place, and asked him if he did not want a drink of whisky. They went into the coalhouse, just back of the bank building, and took a drink; he did not know whose whisky he drank, because there were several bottles uncorked. There were other parties in the house at the time defendant and witness went into the coal-house; among others, Price and some man unknown to witness. Appellant took the stand in his own behalf and testified that on January 7, Freeman came to him and asked him if he did not know where he could get some whisky. He informed him he did not know whether there was any whisky in town. Later on during the day, while he was walking down the street in the direction of the railroad, immediately in front of the old bank building, Gunn introduced appellant to Price. Price informed him that he had more whisky in the office than was wanted, and wanted them to "chip in" and get it. Appellant agreed to do so, and paid Price for one quart of whisky. Price told him that he had the necessary funds made up to cover the whisky except two quarts, and after he (appellant) paid his money, it left only one quart undisposed of. Shortly afterwards he met Freeman and informed Freeman that Walker said he had more whisky in the office than he wanted and was trying to get enough of the boys to chip in and take it out. Freeman informed appellant he would take a quart and asked appellant to get it for him, and gave him 85 cents with which to pay for it. Appellant then went to Price, and Walker gave him the money and informed him who it was that wanted the whisky. Price and Walker said they would go and get the whisky, and carry it to the coal-house, just back of the bank, and would there open the box. They did so, and gave appellant the quart of whisky, for which he gave them 85 cents given him by Freeman. He got one bottle for himself and one for Freeman. He says he did not sell Jack Freeman any whisky on that day or any other day. We believe under this state of case appellant was acting as the agent of Freeman in the purchase of the whisky. We understand

this to be in accordance with the rule laid down in Dunn's case, 12 Texas Ct. Rep., 803. Price and Walker, under this state of case would be guilty of selling whisky. Short was not selling whisky. He was acting as the friend of Freeman to secure the whisky, and to secure the whisky for himself as well. He was purchasing for himself and Freeman. This is the view we take of the case under the testimony. The judgment is reversed and the cause remanded.

*Reversed and remanded.*