### DUDE LEONARD V. STATE.

No. 2060.　Decided December 4, 1912.

Rehearing Denied January 15, 1913.

**1.—Occupation—Intoxicating Liquor—Local Option—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent and sufficiently alleged the time as to the local option election, etc., when taken as a whole, the same was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**2.—Same—Evidence—Sufficiency of the Evidence.**

Where, upon trial of following the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction and the court properly charged the jury, there was no error.

**3.—Same—Charge of Court—Character of Offense.**

Under an indictment charging the defendant with pursuing the occupation of selling intoxicating liquors in local option territory, he could not be convicted of a violation of another provision of the statute for making a single sale of such liquors. Following Robinson v. State, 66 Tex. Crim. Rep., 392, 147 S. W. Rep., 245.

**4.—Same—Evidence—Express Company—Books—Charge of Court—Signature —Comparison of Handwriting.**

Upon trial of following the occupation of selling intoxicating liquors in local option territory, there was no error in introducing in evidence the books of the express company showing the signature of the defendant in receipting for different shipments of liquor, and thus to show that the signatures contained in said books to similar shipments were by comparison the same, the court properly limiting this testimony, and the defendant not denying the signatures.

**5.—Same—Evidence—Hearsay—Bill of Exceptions.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in excluding the statements of defendant's father that the doctor had prescribed intoxicating liquors; besides, the bill of exceptions was defective.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Palmer* and *J. R. Stubblefield,* for appellant.—On question of excluding testimony of defendant's father as to the use of liquor by prescription of a physician, to counteract testimony of the State of shipments of liquor: Lewallen v. State, 33 Texas Crim. Rep., 412; Walters v. State, 17 Texas Crim. App., 326; 12 Cyc., p. 391.

On question of admitting books of express company and defendant's handwriting: Langford v. State, 9 Texas Crim. App., 283.

On question of defective indictment: Mizell v. State, 59 Tex. Crim. Rep., 226; 128 S. W. Rep., 125.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted for pursuing the business or occupation of selling intoxicating liquors in Comanche County from March to September, inclusive, during 1911, after prohibition had been legally and properly declared in force therein, and charging that during that time he made some seven separate and distinct sales of intoxicating liquors to specific persons named. From a conviction he appeals.

The point is made against the indictment that it does not specifically allege that he followed said business or occupation and made said specific sales while said prohibition law was in force. The indictment does specifically allege that on June 5, 1910, in accordance with an order theretofore made by the Commissioners Court of said county, a prohibition election was held and that thereafter said Commissioners Court canvassed the result and ascertained that prohibition had carried, and thereafter that the proper orders had been made declaring said result ordering the four weeks publication thereof as required by law and that thereafter such publication was made. The indictment then repeatedly specifically charges that in violation of said law the appellant, from March to September inclusive, followed the business or occupation of selling intoxicating liquors in violation of said law and then charging several specific sales made within the space of said time in violation of said law. The specific time in which said order of the Commissioners Court declaring said result and ordering said publication and when said publication was made, is not specifically alleged, but the indictment would properly fix the time from the allegations as made, as June 5, 1910, as conceded by appellant in his brief, or not further than some six weeks later which would take to put the law in effect by said orders, etc., and would thus be not later than about July 15, 1910. The election having been ordered at the time specified and prohibition carried, and the proper orders made

putting it in force, we judicially know that no other election could have been held and said law repealed prior to the alleged violation thereof by appellant. So that, taking the allegations of the indictment as a whole, there can be no question that it shows that said law was in force and could not have been repealed at the time he is charged to have violated it.

The indictment follows substantially and almost literally those heretofore uniformly approved by this court under the law under which this prosecution is had and was amply sufficient, (Slack v. State, 61 Texas Crim. Rep., 372; Mizell v. State, 59 Texas Crim. Rep., 226, and many other cases unnecessary to cite) and the court correctly overruled appellant's motion to quash the indictment.

The testimony clearly shows the receipt by appellant, through the express company at Sipe Springs, in Comanche County, where he lived during said five months, four shipments to him of alcohol, ten of whisky and one keg of beer. These several shipments of alcohol and whisky were of various quantities. The evidence further shows, during said time two sales of alcohol and five of whisky by appellant to the parties named in the indictment and that prohibition was in force in said Comanche County. So that the evidence clearly was sufficient to sustain the conviction.

Appellant asked two special charges which were refused. It is unnecessary to quote them. They were to the effect that there were two prohibition laws in force in Comanche County,—the one under which this conviction was had and another for making a single sale of intoxicating liquors, and requesting the court under this indictment to submit that if appellant was not guilty of the offense charged that they might convict him of making a single sale if he had done so.

Neither of these charges should have been given. The offense charged in this case and the statute under which the prosecution was had does not provide for a conviction for any lesser degree of the same offense or for any other offense than that charged. Under the indictment in this case appellant could not have been convicted for making a single sale of intoxicating liquors in violation of another provision of the prohibition law. Robinson v. State, 66 Tex. Crim. Rep., 392; 147 S. W. Rep., 245.

Three other bills pertain to the same matter. It is unnecessary to give each separately. We will state them all together. By them and the qualification to each by the Judge it is substantially shown that the agent of the express company at Sipe Springs in Comanche County, where appellant lived and where he is alleged and shown to have made said respective sales of intoxicating liquor, produced the express book at that place which the law requires shall be kept of shipments of intoxicating liquors into prohibition territory and which is shown to have been kept in compliance therewith, and identified the said book. It is also shown by him that he did not make any of the entries therein during the time appellant is charged with having

received from said express company shipments of intoxicating liquors; that he took charge of that office and said book on December 1, 1911, subsequent to the time these entries were made; that he knew appellant and knew his signature by having seen him subsequently sign it in said book on the receipt of other shipments by him after the time the said entries were made during the period in which appellant is alleged to have violated the prohibition law. He produced the said book and some twelve of appellant's signatures which he said he saw him sign and knew he did sign at the time and he identified these signatures as the genuine signatures of appellant. That he was familiar in this way with appellant's signature and gave it as his opinion from his knowledge of his genuine signature that those signed to the receipts of shipments of intoxicating liquor by him were appellant's genuine signatures. The signatures thus shown to have been made while that agent was the agent of the express company at Sipe Springs and the book containing them, together with the entries and receipts claimed by the State to have been by appellant of the shipments of intoxicating liquors during the time he is charged to have violated said law, were admitted. The signatures made in said book after the time charged in the indictment appellant committed said offense were introduced in evidence solely for the purpose of comparison by the jury with the previous signatures and the jury were instructed and informed at the time that these signatures were introduced solely for that purpose and that they could not look to those entries or any of them to which these signatures were appended, for any other purpose than comparison with previous signatures in the book. Appellant did not testify and in no way denied under oath any of his signatures introduced in evidence. Article 814, Code Crim. Proc., is: "It is competent in every case to give evidence of handwriting by comparison, made by experts or by the jury; but proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath." In our opinion the books and entries therein were sufficiently identified and appellant's connection therewith and signatures thereto sufficiently proven to admit the books and the testimony and these signatures to go to the jury for the purpose they were admitted and so stated by the court. And the evidence was amply sufficient to authorize the jury to find that appellant's signatures receipting for said intoxicating liquors were his genuine signatures, and that he received said liquors. Neither of these bills show any reversible error. See the cases collated and cited under said article of the C. C. P.

By another bill appellant complains that the court erred in refusing to permit appellant's father, at his instance, to testify that in the presence and hearing of his father, while appellant was under treatment at Temple, Texas, for a broken leg that the doctor advised him to use intoxicating liquors on his broken leg for the purpose of causing his broken leg to heal. When this was, the bill does not disclose.

Neither does it disclose that the appellant at any time so used any of the intoxicating liquors shipped to him. It does show, however, that at some time previous to this trial a bone in appellant's leg had been broken and that he was carried to a hospital at Temple for treatment therefor. His father had been permitted to testify that while there the physician who treated appellant did use alcohol on his leg. The proposed testimony of his father was excluded because it was hearsay and in our opinion correctly so.

The evidence was amply sufficient to sustain the verdict. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied January 15, 1913.—Reporter.]