### K. V. E. Scott v. The State.

No. 2208.   Decided January 29, 1913.

Rehearing denied February 26, 1913.

**1.—Local Option—Charge of Court—Agency.**

Where, upon trial of a violation of the local option law, the State's evidence showed that prosecuting witness gave defendant a couple of dollars to buy whisky for him; that defendant took the money, went into a hotel, and after a few minutes, returned with the whisky; and that the hotel proprietor fled the country on account of prosecutions, the court should have submitted the question of agency. Following Evans v. State, 55 Texas Crim. Rep., 450, and other cases.

**2.—Same—Conduct of Officers—Needed Legislation.**

The officers are not justified in inducing men to commit crimes or in employing others to induce them to commit crimes in order that prosecutions may be instituted, and the court calls attention to the Legislature for appropriate legislation.

**3.—Same—Charge of Court—Agency—Defensive Matter.**

Where, upon trial of a violation of the local option law, the evidence raised the question of agency, the court should have submitted a charge thereon, although defendant testified in his own behalf, denying the entire transaction.

**4.—Same—Rule Stated—Charge of Court—Practice.**

The law requires that in all felony cases all the issues raised by the evidence must be submitted to the jury in a proper charge, and the court is not relieved from doing so because the defendant denies the testimony of the State's witness. Following Keith v. State, 50 Texas Crim. Rep., 63.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of a violation of the local option law; penalty, eighteen months imprisonment in the penitentiary.

The opinion states the case.

*C.' A. Wright,* for appellant.—On question of agency: Reed v. State, 9 Texas Crim. App., 317; Riojas v. State, 8 id., 49; Burkhard v. State, 18 id., 599; Evans ·v. State, 55 Texas Crim. Rep., 450, 117 S. W. Rep.; 167.

*C. E. Lane,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and given eighteen months in the State penitentiary.

The alleged purchaser and main witness for the prosecution was named Koethe. After giving an account of himself in his various preambulations in different locations he finally located himself in Amarillo, in Potter County. He says about the 17th or 18th of March, 1912, he had a business transaction with appellant in reference to intoxicating liquor; and bought liquor from him under the following circumstances: "I gave him two dollars and asked him if he could get me some, and when I gave him the two dollars he went and got it. I gave him the money on the corner of First and Buchanan streets in this city. He was gone long enough to walk to the Union hotel and back, possibly five minutes, and returned with the whisky. I saw him go into the Union hotel. He had two pints of whisky in bottles. I drank some of it and know it was whisky. I handed him the money before he got the whisky. He went and got it right then; he dropped the money and picked it up again and went and got the whisky. He did not tell me whose whisky it was. A dollar of the money I paid him was mine and a dollar of it belonged to F. M. Reeves. I think Reeves was across the street from us at the time I gave him the money. He did not hear the conversation between myself and Scott. When he came back with the whisky Reeves was still across the street. He brought the whisky back and I suggested that we take a drink, and we stepped in the alley and opened a bottle and took a drink. I walked across the street and met Reeves and we came to town. I was told that Perry Mitchell occupied that Union hotel and was running it at the time; I don't know who was. I don't know where the defendant stayed at that time." On cross-examination he stated he was a married man with a wife and one child; came from Honey Grove but not direct; stopped at Fort Worth one day and was in Henrietta one day and in Electra a week or perhaps ten days. That he lived in Honey Grove before he lived in Amarillo about a year; that he left there and stayed away a year and went back. He stated he was in several other places, but called that his home all the time. He was a barber there

and everywhere else he had been. He worked for an oil company a while. He says: "I have an agreement with the sheriff's department with reference to these local option cases. The agreement was that I was to get ten dollars when I turned in a case and was to get the rest when the man was convicted. It was never known how much I would get if a man I turned in was convicted; I don't think they knew themselves. It is still uncertain,—more so than when I made the agreement; I don't know that I will get anything more now. The agreement was made before I turned in this case against the defendant. That agreement was made along about the first part of March. I did not turn in any cases against a bootlegger until that agreement was made. I never counted up how many I have turned in since then; I think seven or eight. I have gotten some money from the sheriff; I have not gotten it all. I don't know whether I got ten dollars for turning this defendant in or not." Among other things, he testified that he was under indictment for carrying a sixshooter, and he expected to make money enough out of turning in local option violations at ten dollars a piece to pay off his fine if he was convicted for carrying the sixshooter. He testified that he went down to the bowery and in a store down there fired off his pistol. That he was not entirely sober at the time; has not paid a fine for that but is under bond for it. He was put through a searching cross-examination, but the substance of his testimony is about as stated. Appellant testified that he was at work as a carpenter during that day. In this he was sustained by other witnesses. He denied having anything to do with the transaction one way or another, and knew nothing of it. Appellant also proved by the agents of the different express companies that he had not shipped whisky in Amarillo except on one occasion some time prior to this when he shipped in four bottles which had been used by himself and friends. It may be stated there was no attempt at connecting that transaction with the one under consideration.

The court charged the jury in the usual manner, that if appellant sold whisky in violation of the local option law they would find him guilty. He also charged the jury in reference to alibi. Appellant objected to the court's charge because it did not submit the issue of agency, and requested two special instructions submitting the law of agency, to the effect that if he bought the whisky for the State's witness and did not sell it to him, the jury would acquit. These charges were refused and appellant again excepted. Why this charge was not given is not explained by the judge anywhere in the record. The evidence for the State through the prosecuting witness was to the effect that he gave defendant a couple of dollars to buy that amount of whisky; that appellant took the money and was gone a few minutes and returned with two pints of whisky, out of which he and witness took a drink. This is the State's case. And it is further shown in this connection that appellant went into the Union hotel occupied by Perry Mitchell. Perry Mitchell has left the country, and the testimony

indicates on account of prosecutions. The question of agency is clearly and definitely raised by the testimony and the jury should have been so instructed. See Evans v. State, 55 Texas Crim. Rep., 450, an opinion written by Judge Brooks. Mr. Branch in his work on Criminal Law, sec. 569, has collated the authorities, at least quite a number of them, to the effect that if defendant is in no way interested on behalf of the seller, but simply acts as agent of the prosecutor, he is not guilty of making a sale. Key v. State, 37 Texas Crim. Rep., 77; Reed v. State, 44 S. W. Rep., 1093; Crawford v. State, 76 S. W. Rep., 576; Blassingame v. State, 47 Texas Crim. Rep., 582; Rector v. State, 90 S. W. Rep., 41; Short v. State, 49 Texas Crim. Rep., 244; Bowman v. State, 35 S. W. Rep., 382; Brignon v. State, 37 Texas Crim. Rep., 71; Kirby v. State, 46 Texas Crim. Rep., 584; Way v. State, 36 Texas Crim. Rep., 40; Gaston v. State, 102 S. W. Rep., 116; Hood v. State, 35 Texas Crim. Rep., 585; Crawford v. State, 44 S. W. Rep., 1088; Phillips v. State, 40 S. W. Rep., 270. If there is evidence that the accused bought liquor from another as agent of purchaser, and that he was not interested in behalf of the seller, it is error to refuse a charge affirmatively presenting this issue. Campbell v. State, 37 Texas Crim. Rep., 572; Treue v. State, 44 S. W. Rep., 829; Strickland v. State, 47 S. W. Rep., 720; Driver v. State, 48 Texas Crim. Rep., 20; Golightly v. State, 49 Texas Crim. Rep., 44; Evans v. State, 55 Texas Crim. Rep., 450; Wright v. State, 35 Texas Crim. Rep., 581. Where the only proof was that prosecutor gave defendant money and asked defendant to buy liquor and defendant went off and got it and delivered it to prosecutor, a conviction could not be sustained. Givens v. State, 49 Texas Crim. Rep., 267. This would seem to be a sufficient number of cases for the trial court to understand that where the question of agency is suggested by the facts, a charge on the subject should be given.

The writer has had occasion heretofore to criticise the character and manner of inducing men to commit crime as is evidenced by this record. This witness testifies and is not uncontroverted or contradicted, that the sheriff agreed to give him ten dollars for each case he would "turn in" and additional money or compensation if a conviction should occur. The officers are not justified in inducing men to commit crime or in employing others to induce them to commit crime in order that prosecutions may be instituted. It is his duty as an officer where he understands that parties are engaged in crime to use every effort legitimate and permissible by law to detect and ferret out crimes and bring criminals to trial and justice. But this does not justify him in employing parties to go out and induce the citizens to commit crime that prosecutions may be instituted and carried on. We here call the attention of the Legislature to such matters and would suggest that appropriate legislation be enacted to prevent matters of this sort occurring. This matter was thoroughly gone over by Judge Hurt in Dever v. State, 37 Texas Crim. Rep., 396. See also the case of Bush v. State, decided at the present term of this court.

There are some other matters in the case, but as they will not arise upon another trial, especially in the manner presented here, they are not discussed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

### ON REHEARING.

### February 26, 1913.

DAVIDSON, Presiding Judge.—On a former day of the term the judgment herein was reversed and the cause remanded, because the court failed to submit the issue of agency. The opinion speaks for itself. It is not intended to review that question. There is no reason given or shown why the cases cited should be overruled and a different doctrine announced. The State in its motion, however, insists that the reason why this case should be affirmed and the court did not err in refusing and failing to charge upon the doctrine of agency, is found in the fact that appellant testified in his own behalf, denying the transaction, and in the cases cited by the State the defendant did not testify it is said. The proposition insisted upon in the motion for rehearing seems to be that if the defendant testifies denying the transaction, that, therefore, the court is relieved from charging on the issues made by other facts in the case, and that inasmuch as he denies procuring the whisky or selling it to the purchaser, that, therefore, the doctrine of agency was not in the case arising on the State's testimony and other facts of the case. This is not the law. The statute requires, and all the decisions so hold, that all issues of the case must be presented without reference to what witnesses testify to those facts, or which side places them before the jury. If the contention of the district attorney, for he files the motion for rehearing, is to be sustained as the law, it would lead to the inevitable legal conclusion that wherever the defendant testified to a fact the jury would be bound to accept it as true. The defendant testified in this case denying the State's case so far as procuring the whisky, and especially in selling it to the alleged purchaser. If this is to be taken as true, to the extent that it relieves him of being the agent under the State's testimony or other evidence in the record, then it should be taken as true for everything he testifies, and the jury in that event would be compelled to acquit because his testimony was true. It would hardly be asserted as a correct proposition that because the defendant testifies to a state of facts in contravention of other facts in the case, that, therefore, his testimony is true, and ought to be accepted as true by the jury and submitted upon that theory by the court in the charge. The law has been held to be the reverse of the district attorney's proposition. In Keith v. State, 50 Texas Crim. Rep., at page 67, this precise question was adjudicated. The following quotation from that opinion will illustrate: "From some of the statements

incorporated in the record, the court was laboring under the impression that appellant's legal rights would be controlled and gauged by his personal testimony, and all of the defensive charges, or those favorable to him, should be in accordance with that idea. This is not the law. See Sowell v. State, 32 Texas Crim. Rep., 482. To lay down such proposition, would be more than dangerous, not only to the defendant, but to the State, and the enforcement of the criminal law. Such conclusion would be based upon the absolute accuracy and truthfulness of the appellant's testimony to the exclusion of the other evidence. If it should be held that appellant's testimony makes the only criterion of defensive matter, that idea would be predicated upon the truthfulness of his statement. If that were true, the jury would be compelled to take that view of it, and decide the case as defendant might testify. The rule is, that the law should be applied to any and all of the issues suggested by the testimony, and it is immaterial from what source the testimony comes, if it is before the jury the law should be applied to those issues." If this is not a correct statement of the law clearly and succinctly and pointedly put, it would be difficult to state it. It is unnecessary to pursue this thought further.

The motion for rehearing is overruled.

*Overruled.*