FRED W. RHODES v. THE STATE.

No. 3358. Decided December 23, 1914.

**1.—Occupation—Intoxicating Liquors—Local Option—Internal Revenue.**

An examined copy showing an internal revenue liquor license by defendant is admissible when properly proven up, and the testimony of witnesses that they had seen such license posted in defendant's place of business would be admissible even though they were unable to state the wording of the license; however, the bill of exceptions presenting this matter is defective.

**2.—Same—Charge of Court—Number of Sales.**

In prosecutions of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment must allege to whom at least two sales were made within the specified time, and it is incumbent upon the State to prove this allegation, and the court must so charge the jury, and where he refused to do so, upon proper objections at the proper time, the same is reversible error. Following Fitch v. State, 58 Texas Crim. Rep., 366.

**3.—Same—Law in Force—Charge of Court.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence must show that the offense occurred subsequent to the date the prohibition law went into effect, and the court should have charged the jury to convict if defendant pursued the business at any time prior to the filing of the indictment and subsequent to the date the law went into effect, and a charge to convict if he pursued the business within three years prior to the filing of the indictment was error.

**4.—Same—Indictment—Contest—Publication.**

In the absence of a contest filed at the proper time, this court must presume that all steps taken were legal and proper with reference to the prohibition election. Following Doyle v. State, 59 Texas Crim. Rep., 60.

Appeal from the District Court of Wichita.   Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. C. Kay,* for appellant.—On question of law in force and charge of court:   Chenowith v. State, 50 Texas Crim. Rep., 238; Jones v. State, 38 id., 533.

On question of two isolated sales:   Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245.

On question of internal revenue license:   Goble v. State, 60 S. W. Rep., 968; Guersteman v. State, 33 S. W. Rep., 357; Lucia v. State, 33 S. W. Rep., 358.

On question of number of sales and charge of court thereon:   Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Payne v. State, 129 S. W. Rep., 1197.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of insufficient bill of exceptions to charge of court:   Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068; Berry v. State, 163 S. W. Rep., 964.

HARPER, Judge.—Appellant was prosecuted and convicted of pursuing the business of selling intoxicating liquors in prohibition territory.

While in the motion for a new trial, and in the brief filed herein, objections are made to the admissibility of certain testimony, and the refusal of the court to give special charges in regard thereto, it appears from the record that during the trial such testimony was admitted without objection; at least no bills of exception were reserved to the introduction thereof, and no motion made to withdraw such testimony from before the jury, and the matters are not presented in a way we can review them.   However, we will say that on another trial, unless properly proven up by an examined copy or otherwise, the sheet showing the paying of an internal revenue liquor tax by appellant would not be admissible.   However, if properly proven up, the court would not err in admitting it, and if this sheet showing an internal revenue liquor tax to have been paid by appellant is properly proven on another trial, then the testimony of the witnesses that they had seen an internal revenue license posted in appellant's place of business would be admissible, even though they are unable to state the wording of the license.

The court charged the jury: "If you find from the evidence, beyond a reasonable doubt, that the defendant, Fred W. Rhodes, did on and about the date charged in the indictment, in justice precinct No. 4 of Wichita County, Texas, or within three years next preceding the filing of the indictment in this case, unlawfully engage in and pursue the

business of selling intoxicating liquor, and within three years next prior to the filing of the indictment herein, make two different and separate sales of intoxicating liquor in said justice precinct No. 4 of Wichita County, Texas, as alleged in the indictment, then you will find the defendant guilty, and assess his punishment at confinement in the State penitentiary for a term of years not less than two nor more than five." Appellant excepted to this paragraph of the charge when presented to him for inspection, "because the same does not limit and confine the jury as to the two requisite sales to two sales named in the indictment and to the persons named in the indictment but allows them to convict on sales to persons not named in the indictment."

He also requested that the following special charge be given: "The jury are instructed that in order to constitute the business or occupation of selling intoxicating liquors as alleged in this indictment, and as prohibited by law, is meant that which occupied a part of the attention and time of the defendant as a business or calling and which business he pursued for the purpose of profit and gain, and in addition to this it must also be shown that he made at least two sales of intoxicating liquors, and these sales must have been made to one or more of the persons named in indictment, and unless you so find you will acquit the defendant."

Ever since the rendition of the opinion in the case of Fitch v. State, 58 Texas Crim. Rep., 366, on motion for rehearing, it has been held to be essential to a valid indictment that the indictment allege to whom at least two sales were made within the specified time, and as the indictment must so allege, it is incumbent upon the State to make proof that at least two sales were made to persons named in the indictment, and on account of the refusal of the court to so correct his charge when requested, and his refusal to give the above special charge requested, it presents such error as will necessitate a reversal of the case.

Under the rulings of this court and by virtue of the statute, prohibition did not go in force in the precinct until the publication of the order was made by the judge. This publication was completed September 27, 1912. From this record it is impossible to tell whether or not the sale of beer was made to Mr. Scott prior or subsequent to that date. If made prior to that date, the testimony will not be admitted on another trial; if it was subsequent to that date, it is admissible, as it would have a tendency to show that appellant was engaged in the business charged in the indictment.

As the prohibition law did not go in force in the precinct until the publication was made, the court in his charge should not have instructed the jury to convict appellant if he pursued the business within three years prior to the filing of the indictment. The charge should have instructed the jury to convict if he pursued the business at any time prior to the filing of the indictment and subsequent to September 27, 1912.

The criticisms of the indictment, we think, are without merit. No contest having been filed, after the publication of the order of the court

by the county judge, and the time had elapsed in which to file a contest, we are required by the law to conclusively presume that all steps taken were legal and proper, and do not deem it necessary to pass on the questions raised as to whether or not the orders were sufficient.   Doyle v. State, 59 Texas Crim. Rep., 60, 127 S. W. Rep., 815; Branch's Crim. Law, sec. 548, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*