## Clarence Robinson v. The State.

### No. 4516.    Decided June 6, 1917.

**1.—Occupation—Intoxicating Liquors—Charge of Court.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, the evidence tended to prove that defendant had made one sale of intoxicating liquors to each of the parties named in the indictment, but no evidence of more than one sale to either of them or anyone else, and the issue of fact arose as to whether there was a sale to one of the parties named or whether defendant in that instance acted as the agent of said party, the court's charge should have instructed the jury that it was essential to a conviction that the State prove that defendant made such sale to said party, and was not acting as his agent as requested by the defendant, and a failure to do so was reversible error. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

**2.—Same—Rule Stated—Two Sales—Proof Necessary.**

It is essential in this class of cases that the indictment allege the making of two sales, naming the parties to whom they were made, and such allegation must be proved, before a conviction can be sustained. Following Jones v. State, 76 Texas Crim. Rep., 239, and other cases.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case:

*Harry Tom King,* for appellant.—Upon the question that the indictment must allege the names of the persons to whom the sales were made and the proof sustain it: Fitch v. State, 127 S. W. Rep., 1040; Rhodes v. State, 172 S. W. Rep., 252; Whitehead v. State, 147 S. W. Rep., 583; Murphy v. State, 129 S. W. Rep., 138; Sutphen v. State, 129 S. W. Rep., 144; Flores v. State, 131 S. W. Rep., 588; Jones v. State, 174 S. W. Rep., 349; Malthrop v. State, 147 S. W. Rep., 1159; Creed v. State, 160 S. W. Rep., 468, and cases stated in opinion.

On question of agency: Key v. State, 37 Texas Crim. Rep., 77; Short v. State, 49 id., 244; Kirby v. State, 46 id., 584; Way v. State, 36 id., 40; Campbell v. State, 37 id., 572; Driver v. State, 48 id., 20; Evans v. State, 55 id., 450; Dawson v. State, 55 id., 315.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This prosecution was for the offense of pursuing the occupation of selling intoxicating liquors in a prohibited district.

The subdivisions of the statute covering the offense are articles 589 and 591, P. C., as follows:

"If any person shall engage in or pursue the occupation or business of selling intoxicating liquors, except as permitted by law, in any county, justice precinct, city, town or subdivision of a county in which

the sale of intoxicating liquor has been or shall hereafter be prohibited under the laws of this State, he or she shall be punished by confinement in the penitentiary not less than two nor more than five years." (Art. 589.)

"In order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors, within the meaning of this law, it shall be necessary for the State to prove in all prosecutions hereunder, that the defendant made at least two sales of intoxicating liquor within three years next preceding the filing of the indictment." (Art. 591.)

The indictment charged the offense and that one sale was made to H. H. Alexander and one to J. W. Tucker. There was evidence tending to prove that appellant had made one sale of intoxicating liquor to each of the parties named, but no evidence of more than one sale to either of them, and no evidence of sales to any other party named or described in the evidence. With reference to the sale to Alexander there was an issue of fact as to whether there was a sale made to Alexander by appellant, or whether appellant acting as the agent of Alexander procured the liquor for him.

The court, recognizing that there was such an issue for the jury, submitted it in the following language:

"You are instructed that if you believe from the evidence that the defendant acted as the agent of H. H. Alexander and not for himself, and not as the agent of the seller in the sale or delivery of said whisky, if you find said sale was made, and you further find and believe from the evidence that the defendant did not make at least two other and different sales, within three years, next preceding February 15, 1917, the date of the filing of the indictment herein, and you further find from the evidence that the defendant did not engage in and pursue the occupation and business of selling intoxicating liquor in territory prohibited by law, as hereinbefore defined, you will acquit the defendant.

"But, on the other hand, if you do believe from the evidence, beyond a reasonable doubt, that the defendant did not act as the agent of H. H. Alexander in the sale and delivery of the whisky, delivered to H. H. Alexander, if any were sold and delivered, but was acting for himself, or for the seller, and if you further believe from the evidence beyond a reasonable doubt that the defendant made other and different sales of intoxicating liquor within three years next preceding February the 15th, 1917, and you further believe from the evidence beyond a reasonable doubt that the defendant was engaging in and pursuing the occupation and business of selling intoxicating liquor in territory, prohibited by law, as heretofore defined, you will find the defendant guilty and assess his punishment as hereinabove set out."

It was essential that the indictment allege the making of two sales and name the parties to whom they were made. It was also required that this be proved. Mizell v. State, 59 Texas Crim. Rep., 226, 128

S. W. Rep., 125; Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Rhodes v. State, 75 Texas Crim. Rep., 659, 172 S. W. Rep., 252; Jones v. State, 76 Texas Crim. Rep., 239, 174 S. W. Rep., 349, and numerous other decisions. Proof of one of the sales mentioned would not be sufficient. Leonard v. State, 68 Texas Crim. Rep., 549, 152 S. W. Rep., 632. Proof that appellant acted as the agent of Alexander in procuring the liquor from another would not show a sale by the appellant to Alexander, and it was incumbent on the court to so advise the jury. Campbell v. State, 37 Texas Crim. Rep., 572; Driver v. State, 48 Texas Crim. Rep., 20; Evans v. State, 55 Texas Crim. Rep., 450. The charge given was subject to the construction that even though no sale was proved to Alexander by appellant, he might nevertheless be guilty. It tells the jury that if appellant acted as the agent of Alexander and not for himself, and not as the agent of the seller, he might nevertheless be guilty if the jury should find that he had made two other sales within the three-year period charged in the indictment. There was no evidence of other specific sales; but if there had been such evidence, the court should nevertheless have instructed the jury in such manner that they would have clearly understood that it was essential to a conviction that the State prove that appellant made the sale to Alexander. The failure of the court to do so was excepted to and exceptions were reserved to the refusal of special charges covering the subject. The refusal of the court to correct this error requires a reversal of the case.

We find no other errors in matters that are likely to arise upon another trial.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*